IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID L. ZAHNER, | ) | |
| | ) | Civil No. 05-3022-ST |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT LAMPERT, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

    Kristina Hellman
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 seeking to challenge the constitutionality of his state court conviction for Manslaughter in the Second Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

In November 1998, petitioner, Howard Baker, Ron Pageau, Kendra Gambino, and Gambino's seven-year-old son were living in an abandoned house and nearby shed in Jackson County. On November 16, 1998, Pageau had been drinking and became belligerent, twice threatening to use a knife to "stick someone in their jugular vein." Trial Transcript, pp. 82, 88. When he came into the house late that night and made this threat against Gambino and her son, Gambino's son ran to the shed and summoned Baker and petitioner for assistance.

Baker returned to the house and asked Pageau to leave, but Pageau responded by physically attacking Baker. *Id* at 90. Baker yelled for help, then exited the house "bleeding really bad." *Id* at 92.

Petitioner encountered Pageau as Pageau exited the house. Pageau was carrying an aluminum crutch which, without provocation, he swung at petitioner. *Id* at 93-94. Petitioner was able to wrestle the crutch away from Pageau and began hitting him in the

head until Pageau fell to the ground and "just went into a really deep snore." *Id* at 96. At that point, petitioner grabbed Pageau by the shirt, telling him to "Get up, you f---ing white boy, get up and fight like a man." *Id* at 96. When Pageau was unresponsive, petitioner and Baker kicked him in the head for what "could have been a couple of minutes." *Id* at 96-101. Pageau's skull was fractured and he died as a result of this altercation. The medical examiner assigned to the case testified that Pageau likely died as a result of the kicks to his head. *Id* at 313-15.

Petitioner was charged with Manslaughter in the First Degree, and proceeded to a jury trial where he testified that he acted in self-defense. The jury found petitioner not guilty of Manslaughter in the First Degree but convicted him of the lesser included offense of Manslaughter in the Second Degree. The trial court sentenced petitioner to 75 months' imprisonment and three years of post-prison supervision.[1] Respondent's Exhibit 101.

Petitioner directly appealed the legality of his sentence, but the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 105-107.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where he argued, *inter alia*, that his trial attorney should have offered evidence of Pageau's criminal history to

---

[1] Petitioner was released from prison on February 15, 2005 and is currently serving the remainder of his post-prison supervision.

3 - FINDINGS AND RECOMMENDATION

support his theory of self-defense. The PCR trial court denied relief, and made the following findings relevant to this action:

> His first allegation is that counsel failed to present evidence of the victim's prior criminal record and aggressive tendencies to demonstrate that he was the aggressor in the fracas. Trial counsel offered evidence of the victim's criminal record and prior conduct. In a hearing on admission of such evidence, the court allowed some of it, but also rejected some. Consequently, counsel did present such evidence as the court would allow. Petitioner alleges without much support in the evidence, that there was other evidence along those lines that could have been offered.

Respondent's Exhibit 121, p. 2.

On PCR appeal, the State moved for summary affirmance on the basis that, aside from his own speculation, petitioner had not presented the PCR trial court with any evidence to prove his claims. The Oregon Court of Appeals granted the State's motion, concluding that "[t]he appeal does not raise a substantial question of law. . . ." Respondent's Exhibit 124. The Oregon Supreme Court denied review. Respondent's Exhibit 126.

Petitioner filed his Petition for Writ of Habeas Corpus on March 14, 2005. While the Petition contains nine grounds for relief, petitioner chooses to argue only his claim that trial counsel was ineffective when she failed to file a formal motion to introduce evidence of Pageau's prior criminal record and reputation for violence. Respondent asks the court to deny relief on this claim because the state court decisions are entitled to deference.

4 - FINDINGS AND RECOMMENDATION

**FINDINGS**

I.  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires

5 - FINDINGS AND RECOMMENDATION

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. Unargued Claims

Respondent addressed a number of claims in the *pro se* Petition which petitioner has not supported with any briefing. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

## III. Ineffective Assistance of Counsel: Pageau's prior criminal record and reputation for violence

In his remaining claim, petitioner asserts that evidence existed which showed Pageau's criminal history, assaultive nature, and reputation for violence. the prosecutor provided some of this evidence to defense counsel. Petitioner contends that counsel failed to file a motion to introduce this evidence, and instead relied on a conversation held in chambers during which the trial judge indicated that he would not allow the evidence. According to petitioner, the failure to formally move for the admission of this evidence deprived the jury of the opportunity to determine whether petitioner's response to Pageau's aggression was reasonable under

6 - FINDINGS AND RECOMMENDATION

the circumstances, and further prevented him from raising the admissibility of Pageau's criminal history as an issue on appeal.

### A. Expansion of the Record

To support his claim of attorney error, petitioner asks the court to consider three exhibits which were not presented to the state courts. These exhibits: (1) a letter from trial counsel to petitioner's appellate attorney in which trial counsel characterizes her attempt to introduce Pageau's criminal history as an informal conversation in the judge's chambers, not a formal hearing (Petitioner's Exhibit 1); and (2) documents detailing Pageau's criminal history (Petitioner's Exhibits 2 & 3). Petitioner requests expansion of the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(e).

Where, as here, a prisoner wishes to introduce new evidence in the absence of an evidentiary hearing, the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply. *Holland v. Jackson*, 124 S. Ct. 2736, 2738 (2004). Accordingly, if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). He must also demonstrate that the

7 - FINDINGS AND RECOMMENDATION

facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

The letter identified as Petitioner's Exhibit 1 is dated March 31, 1999. Petitioner's Exhibits 2 and 3 containing Pageau's criminal history were produced by the prosecuting attorney during discovery in petitioner's criminal action. Respondent's Exhibit 117, p. 3. Accordingly, all of these documents were available years before petitioner filed his PCR Petition on August 31, 2002, and could have been presented to that court for consideration. As petitioner failed to introduce the evidence during his PCR trial, he cannot meet the diligence requirement of 28 U.S.C. § 2254(e)(2)(A)(ii).

Petitioner maintains that the court should nevertheless consider his exhibits because 28 U.S.C. § 2254(e)(1) places an affirmative obligation on him to rebut the PCR trial court's factual findings by clear and convincing evidence. This requirement, he argues, allows the introduction of new evidence not presented in the state courts, citing the Ninth Circuit's decision in *Lambert v. Blodgett*, 393 F.3d 943 (9th Cir. 2004).

In *Lambert*, the Ninth Circuit reiterated its reasoning from *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004), that the Anti-Terrorism and Effective Death Penalty Act contemplates two separate categories of evidence to overcome a state court's factual findings. First, 28 U.S.C. § 2254(d)(2) contemplates an intrinsic

8 - FINDINGS AND RECOMMENDATION

review of the state court's process, *i.e.*, a challenge to a decision on the existing record "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1).  The second category of evidence is governed by 28 U.S.C. § 2254(e)(1) and "applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court." *Lambert*, 393 F.3d at 872.  In this latter circumstance, a factual finding by a state court "may be over-turned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error." *Taylor*, 366 F.3d at 1000 (citing 28 U.S.C. § 2254(e)(1)).

Petitioner seeks to present his exhibits pursuant to 28 U.S.C. § 2254(e)(1), but the exhibits are not "new."  As described above, they were produced and readily available years before petitioner's PCR trial.  Consequently, petitioner asks this court to overturn the PCR trial court's factual findings based on evidence which the PCR trial court never had an opportunity to consider due only to petitioner's own lack of diligence.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  While petitioner has the burden of proving that the PCR trial court's factual findings are not entitled to a presumption of correctness, the Anti-Terrorism and Effective Death

9 - FINDINGS AND RECOMMENDATION

Penalty Act requires him to do so on the record upon which the PCR trial court based its decision unless he meets the requirements set forth in 28 U.S.C. § 2254(e)(2). As petitioner is unable to meet these requirements, his request to expand the record should be denied, and Petitioner's Exhibits 1-3 should not be considered.

**B.   Analysis**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696.

The evidence adduced at petitioner's criminal trial clearly showed that Pageau was the aggressor in the confrontation, but petitioner's claim of self-defense broke down because he repeatedly

10 - FINDINGS AND RECOMMENDATION

kicked Pageau in the head while Pageau was lying unconscious on the ground. According to petitioner, had the jury known about Pageau's criminal history and reputation for violence, it would have explained why petitioner believed that kicking Pageau was necessary to defend himself. Petitioner therefore faults counsel for failing to formally move to admit this evidence.

The PCR trial court found that a hearing was, in fact, held on the admissibility of Pageau's criminal history and that "counsel did present such evidence as the court would allow." Respondent's Exhibit 121, p. 2. This factual finding is supported by trial counsel's affidavit (which was properly before the PCR trial court for consideration) stating that "we had a hearing on whether the court would admit such testimony prior to beginning the trial." Respondent's Exhibit 116, p. 3. The finding is also supported by petitioner's own testimony in his PCR trial deposition that "I believe my attorney did, I believe she tried, she brought up the fact that this guy's criminal history, and the judge overruled her when the prosecuting attorney objected." Respondent's Exhibit 115, p. 14. Absent clear and convincing evidence to the contrary, the court accepts the PCR trial court's factual finding. Since counsel did attempt to formally admit Pageau's criminal history, petitioner's ineffective assistance of counsel claim must fail.

Even assuming that a formal hearing was never held on the admissibility of Pageau's criminal history, and further assuming that such evidence was admissible under the Oregon Rules of

11 - FINDINGS AND RECOMMENDATION

Evidence, petitioner nevertheless failed to provide the PCR trial court with sufficient evidence to conclude that trial counsel was ineffective.  During his PCR trial deposition, petitioner was able to identify three individuals who, he claimed, could have testified as to Pageau's violent reputation: Jerry Rice, Linda Rice, and Dr. Robert Maymik.  Respondent's Exhibit 115, pp. 8-9.  Petitioner did not specifically describe for the PCR trial court what Dr. Maymik's testimony at trial would have been.  With respect to Jerry and Linda Rice, petitioner asserted that "I don't have any idea what they might have testified to, all I'm sayin[g] is they wasn't called, therefore they didn't have anything good to say about [Pageau]."  *Id* at 11.  Similarly, he claimed that unnamed officers to whom he spoke in jail had nothing good to say about Pageau, but failed to provide the PCR trial court with any specifics.  *Id* at 12.  Most importantly, petitioner did not produce these individuals as witnesses for his PCR trial or any affidavits from them which would have bolstered his claim.

   The PCR trial court was therefore left with petitioner's own unsupported statements, leading it to conclude that petitioner "allege[d] without much support in the evidence, that there was other evidence along those lines that could have been offered." Respondent's Exhibit 121, p. 2.  Indeed, petitioner's list of exhibits in the PCR trial court reveals that he submitted only the following documents to support his claims: indictment, verdict, judgment, sentencing memorandum, OJIN printout, transcript of the

12 - FINDINGS AND RECOMMENDATION

medical examiner, and his own deposition.  Respondent's Exhibit 110.  Based on the limited record before it, the PCR trial court lacked sufficient evidence to conclude that petitioner was prejudiced by counsel's alleged failure to formally move for admission of Pageau's criminal history.

Even if trial counsel had been able to introduce Pageau's criminal history, such evidence would have been irrelevant to his theory of self-defense.  In Oregon, a person may use physical force to defend himself only "from what the person reasonably believes to be the use or imminent use of unlawful physical force."  ORS 161.209.  "An imminent threat is one that is immediate, ready to take place, or near at hand."  *State v. Taylor*, 123 Or. App. 343, 348, 858 P.2d 1358 (1993).  In this case, Pageau posed no threat after petitioner had beaten him into unconsciousness.  Petitioner and Baker nevertheless proceeded to repeatedly kick Pageau in the head with lethal force.  No matter how lengthy Pageau's criminal history might have been, this type of force exceeded the limits of self-defense.  Because admission of Pageau's criminal history would not have altered the outcome of the trial, petitioner cannot prove prejudice.

For all of the aforementioned reasons, the PCR trial court's decision to deny relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

///

///

13 - FINDINGS AND RECOMMENDATION

///

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED, and the court should enter a judgment DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due February 25, 2008. If no objections are filed, then this Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, this Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>5th</u> day of February, 2008.

<u>/s/ Janice M. Stewart</u>
Janice M. Stewart
United States Magistrate Judge